

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MICHAEL GASPARI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06 C 5292 |
| ) | |
| MICHAEL J. ASTRUE, ) | Magistrate Judge |
| Commissioner of Social ) | Arlander Keys |
| Security, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION AND ORDER

On January 10, 2008, the Court issued a Memorandum Opinion and Order remanding Michael Gaspari's case to the Commissioner of Social Security. Shortly thereafter, Mr. Gaspari's attorney petitioned the Court for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

The EAJA "authorizes the payment of fees to a prevailing party in an action against the United States; the Government may defeat this entitlement by showing that its position in the underlying litigation 'was substantially justified.'" *Scarborough v. Principi*, 541 U.S. 401, 124 S.Ct. 1856, 1860 (2004) (citing 28 U.S.C. § 2412(d)(1)(A)). Having won summary judgment in his favor and secured a remand, Mr. Gaspari is the prevailing party. The Commissioner concedes as much, but argues that fees are not appropriate because his position was substantially justified; at a minimum, the Commissioner argues, the fee request is excessive and must be reduced.

The Commissioner has the burden of establishing that his position was "substantially justified" - that he had "a reasonable basis in law and fact." *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006). He has not met his burden here; as the Court explained in its January 10, 2008 opinion, the ALJ's decision was deficient in a number of respects: not only did the ALJ fail to question whether the VE's testimony was consistent with the DOT, but he also failed to consider unrebutted testimony from the VE that, if Mr. Gaspari missed one or two days of work per month or had to take one or two unscheduled breaks per week, he would essentially be unemployable; he also made an independent medical finding concerning Mr. Gaspari's diabetes. It is difficult to believe that the Commissioner thought his position on these issues was substantially justified. Indeed, on the one issue, the Commissioner conceded that the findings failed to comport with the Social Security Rules and Regulations.

Having determined that an award of fees is appropriate, the Court must next determine what amount should be awarded. In his initial application, Mr. Gaspari's counsel sought to recover fees totaling a little over $10,280.00. The fee request included: 60.1 hours of attorney time billed at the rate of $162.50/hour and 2.0 hours of legal assistant time billed at the rate of $85.00/hour. In his reply brief, counsel seeks another 2.4 hours of attorney time (billed at the rate of $162.50 per hour).

The Commissioner does not challenge the hourly rates proposed by counsel, and the Court finds that they are reasonable. The Commissioner does, however, argue that the number of hours billed is excessive; in particular, the Commissioner argues that Mr. Gaspari's counsel should not recover any fees billed after the remand motion was filed. The Court rejects this argument. The Court denied the remand motion on its merits and ordered the parties to proceed with summary judgment briefing; it can hardly fault counsel for complying with that order.

But the Court agrees that some of the time billed should be disallowed. First, some of the entries appear to reflect time spent by counsel on tasks that were purely clerical in nature, and that is inappropriate. *See Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999)(affirming decision to disallow time spent by an attorney and paralegal on essentially clerical or secretarial tasks); *Seamon v. Barnhart*, No. 05 C 0013-C, 2006 WL 517631, at *7 (W.D. Wis. Feb. 23, 2006)(reducing a fee award for time spent by attorneys on clerical tasks such as filing briefs, sending out proof of service, etc.). *See also Hensley v. Eckerhart*, 461 U.S. 424 (1983)(fees for "excessive, redundant or otherwise unnecessary" hours should be disallowed). Thus, the Court will reduce the award by 9.4 hours (9.2 billed by attorneys and .2 billed by a legal assistant).

3

The Court also finds that the time spent on the summary judgment reply brief - 14.2 hours - was excessive. Counsel spent 26.6 hours on the initial brief and the Commissioner conceded at least one of the issues; it should not have taken counsel 14.2 hours to respond to the remaining issues. The Court will cut this time by 4.2 hours.

The Court will allow counsel to recover fees for the remainder of the time billed. In total, the Court will allow counsel to recover 49.1 hours of attorney time, billed at the rate of $162.50/hour (for a total of $7,978.75), and 1.8 hours of legal assistant time, billed at the rate of $85.00/hour (for a total of $153.00). The Court will also allow counsel to recover the $350.00 filing fee. See 28 U.S.C. §2412(a)(2).

## Conclusion

For the reasons set forth above, the Court grants the application for attorney's fees filed by counsel for Mr. Gaspari and awards fees as requested, except to the extent explained above. Consistent with the EAJA, the Court awards fees and costs to Barry A. Schultz in the amount of $8,481.75.

Dated: May 7, 2008

ENTER:

*[signature]*
ARLANDER KEYS
United States Magistrate Judge

4